UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:                                          CASE NO. 11-22133-PGH

JOSEPH JACKSON, SR.
ELIZABETH B. JACKSON,

Debtors.
_____/

**CREDITOR'S, FIRST CHOICE CREDIT UNION, RESPONSE TO
AMENDED TRUSTEE'S OBJECTION TO CLAIM**

COMES NOW, Creditor, FIRST CHOICE CREDIT UNION, by and through its undersigned counsel, and files this Response to the Amended Trustee's Objection to Claim and states as follows:

1. On May 23, 2011, Creditor timely filed its secured Proof of Claim (Claim #4) in the amount of $514,533.37 pursuant to the outstanding balance of its mortgage.

2. Subsequently, the Debtor filed an Amended Plan which provided for the surrender of the property which secured Creditor's mortgage.

3. Creditor has obtained possession of the property but has been unable to sell the property as of the date of this Response.

4. On February 13, 2012, Creditor filed its Amended Proof of Claim to reflect its unsecured status and the estimated deficiency of its claim.

5. On July 6, 2012, the Trustee filed its Amended Objection to Creditor's Claim, asserting that Creditor's amendment of its claim from secured to unsecured constituted a new claim.

6. The Bankruptcy Code and Rules do not address this particular issue; however, Courts have applied a "nexus" test between the original claim and the amendment to assess whether the amendment is a new claim. See In re International Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir.1985).

7. Creditor's amended claim arises out of the same transaction and underlying debt and more particularly describes the current status of Creditor's claim.

8. Neither the confirmed Plan nor the Confirmation Order bar Creditor's ability to file its estimated deficiency.

9. Creditor is unable to predict when it will sell the property which secured its loan to the Debtor and has estimated its deficiency so as to avoid delaying the administration of Debtor's case.

10. Creditor intends to further amend its claim once the property is sold.

WHEREFORE, Creditor, FIRST CHOICE CREDIT UNION, respectfully requests that this Honorable Court allow its estimated deficiency and allow further amendment of Creditor's claim upon sale of the property, and overrule the Trustee's objection to its Amended Claim.

/s/ ELBA N. SERRANO-TORRES
JAMES E. SORENSON (FL Bar #0086525),
D. TYLER VAN LEUVEN (FL Bar #0178705),
MARY LINZEE VAN LEUVEN (FL Bar #0029766),
ELBA N. SERRANO-TORRES (FL Bar #0042228),
CONOR J. MCLAUGHLIN (Fla. Bar #0084477) &
JOSHUA J. LOGAN (Fla. Bar #0041371) of
Williams, Gautier, Gwynn, DeLoach & Sorenson, P.A.
Post Office Box 4128
Tallahassee, Florida 32315-4128
Telephone (850) 386-3300
Facsimile (850) 205-4755
*Attorneys for Creditor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Appearance has been furnished to Daniel R. Brinley, Esquire, 712 US Highway One, #400, North Palm Beach, FL 33408, Attorney for Debtor, (usual place of business), Joseph Jackson, Sr. and Elizabeth B. Jackson, 6160 S.E. Crooked Oak Avenue, Hobe Sound, FL 33455, Debtors, (usual place of abode), and Robin R. Weiner, POB 559007, Fort Lauderdale, FL 33355, Trustee, (usual place of business), by electronic means or U.S. Mail on this 23 day of July, 2012.

/s/ ELBA N. SERRANO-TORRES
Attorney